```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


DIANE SMITH,                          :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :      CIVIL ACTION 09-0616-CG-M
                                      :
BALDWIN COUNTY COMMISSION,            :
                                      :
     Defendant.                       :
```

REPORT AND RECOMMENDATION

The Motion for Partial Dismissal filed by Defendant (Docs. 21-22) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under Title VII of the Civil Rights Act of 1964 (hereinafter *Title VII*), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, pursuant to 28 U.S.C. § 1331.  After consideration, it is recommended that Defendant's motion be granted as to Plaintiff's claim for punitive damages, but denied as to Smith's claim for retaliation.

The facts are, briefly, as follows.  Plaintiff Diane Smith, who is fifty-seven years old, was employed by Defendant Baldwin County Commission (hereinafter *Commission*) from December 2006 through March 2008 as a Basic Living Skills Coordinator for the Baldwin County Girl's Residential Wilderness Program (hereinafter *the Program*) (Doc. 19, ¶¶ 11-13).  Beginning in October 2007,

Smith noticed that Program Director William Ford was touching Jennifer Hadley, one of Plaintiff's co-employees; Smith also observed Ford smelling her hair and making "numerous inappropriate comments to Hadley regarding her looks and appearance" (Doc. 19, ¶¶ 5, 14-15).  On March 4, 2008, Plaintiff wrote a letter to Susan Lovett, the Director of Human Resources for the Commission, complaining of Ford's treatment of Hadley; [l]ater that day, Ford sent Smith home for the remainder of the day" (Doc. 19, ¶¶ 20-21).  "The next day, Smith returned to work and Ford wrote her up for 'gossiping'" (Doc. 19, ¶ 22).  "On March 6, 2008, Ford terminated Smith, and on March 7, 2008, Lovett rehired Smith" (Doc. 19, ¶ 23).  "On April 9, 2008, Smith was terminated" (Doc. 19, ¶ 24).

On September 21, 2009, Plaintiff brought this action, asserting that she was constructively discharged by the Commission, raising two claims against it:  (1) retaliation; and (2) age discrimination (Docs. 1, 19).  Defendant filed this Motion for Partial Dismissal (Docs. 21-22).  Plaintiff has responded to the Motion (Doc. 26) and the Commission has replied to the response (Doc. 27).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.

2

2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do."  *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'"  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007)

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

3

(quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at 556.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In its Motion, Defendant first asserts that Smith's retaliation claim is untimely (Doc. 22, pp. 4-8).  More specifically, the Commission claims that Plaintiff did not assert a claim of retaliation until seventeen months after it occurred, more than eleven months after her 180-day limitations period had run.

Statutory law states that a charge of discrimination must be

filed with the Equal Employment Opportunity Commission (hereinafter *EEOC*) within 180 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1). In this action, the Amended Complaint states that Smith was terminated on April 9, 2008; she filed an amended charge of discrimination which asserted retaliation on September 19, 2009 (Doc. 19, ¶ 24). September 19, 2009 is clearly more than 180 days beyond April 9, 2008.

Smith admits that she did not initially file a charge of retaliation along with her age discrimination claim and did not do so until September 19, 2009 (Doc. 26, p. 4; *see also* Doc. 6, Exhibit B).[2] She goes on to assert, though, that she reasonably relied on information provided by an EEOC employee who told her that she could not bring a retaliation claim (Doc. 26, pp. 4-5). Smith's Amended Complaint states the facts as follows:

> 4. In or about April 2008, Plaintiff Diane Smith met with Investigator Enrica Lacour ("Lacour") at the Equal Employment Opportunity Commission ("the EEOC") to file a claim for retaliation and age discrimination against the Baldwin County Commission ("the BCC").
>
> 5. Smith specifically told Lacour that she had been terminated in retaliation for complaining about Director Bill Ford's ("Ford") sexual harassment of and retaliation against a fellow employee, Jennifer Hadley ("Hadley").
>
> 6. Lacour told Smith that Smith did not

---

[2] This Exhibit is the Amended Charge of Discrimination filed by Smith on September 19, 2009.

       have a retaliation claim against the BCC, but
that she did have a claim for age
discrimination since the person who replaced
her was under the age of forty.

       7.  Because Lacour was employed by the
EEOC, Smith assumed that Lacour knew what she
was talking about and that her statements
were accurate.

       8.  Relying on Lacour's statements, on
May 19, 2008, Smith filed an EEOC charge that
only included an age discrimination claim.

       9.  On September 19, 2009, after
retaining counsel, Smith filed an amended
charge of discrimination, alleging that she
was terminated in retaliation for complaining
about Ford's sexual harassment of and
retaliation against Hadley.

(Doc. 19).  Plaintiff argues that she has equitably tolled the limitations period (Doc. 26, pp. 4-5).

The U.S. Supreme Court, in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  The Eleventh Circuit Court of Appeals has recognized "three distinct situations in which the Title VII limitation period may be equitably tolled;" the one which is relevant here is "when the EEOC misleads a complainant about the nature of his rights under Title VII." *Jones v. Wynne*, 266 Fed.Appx. 903, 906 (11th Cir. 2008).  The Eleventh Circuit Court of Appeals has also noted that "equitable tolling may be

appropriate when a plaintiff has been 'lulled into inaction by . . . state or federal agencies' or 'if a plaintiff is actively misled.'"  *Miller v. Marsh*, 766 F.2d 490, 493 (11th Cir. 1985) (*quoting Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)).  As noted by the Fifth Circuit Court of Appeals, a claimant should be "entitled to rely on [an] authoritative statement by the [EEOC, an] agency presumed to know the most about these matters." *Page v. U.S. Industries, Inc.*, 556 F.2d 346, 351 (5th Cir. 1977),[3] *cert. denied*, 434 U.S. 1045 (1978).[4]

Defendant has argued that "a single casual pre-filing conversation with an EEOC investigator" should not be the basis for finding that Smith has equitably tolled the limitations period (Doc. 22, p. 8).  Defendant has also asserted that Plaintiff's lack of due diligence is fatal to her claim.

The Court finds otherwise, however.  Accepting her assertions as true, *see Grossman*, 225 F.3d at 1231, the Court finds that the EEOC investigator provided Smith with misinformation which resulted in Plaintiff's failure to raise a claim of retaliation against Defendant.  The Commission is wrong

---

[3]The Eleventh Circuit Court of Appeals, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4]While Plaintiff may have mischaracterized *Page* as being concerned with filing an EEOC charge rather than filing a lawsuit (*see* Doc. 27, pp. 5-6; *cf.* Doc. 26, p. 5), *Page*, nevertheless, stands for the proposition that a claimant should not be penalized for relying on misinformation provided by the EEOC.

in asserting that Smith was not diligent; she filed her first EEOC charge the month after she first talked with Lacour.  If Lacour had not told her she did not have a claim of retaliation, one would presume that Smith would have filed it in addition to her age discrimination claim.  Therefore, the Court finds that Smith's claim for retaliation has equitably tolled the statute and should be allowed to proceed in this action.

Defendant next claims that the retaliation claim should be dismissed because Plaintiff did not engage in a protected activity (Doc. 22, pp. 8-9).  Plaintiff, however, has pointed to statutory language which states as follows:

> **It shall be an unlawful employment practice for an employer to discriminate against any of his employees** or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, **because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.**

42 U.S.C. § 2000e-3(a) (emphasis added).

Though Defendant asserts that the nature of Plaintiff's retaliation claim is not clear (Doc. 27, p. 6), the Court finds

that paragraph five in the Amended Complaint clearly sets out Smith's belief that she was terminated from her job because she objected to Director Ford's harassment of another employee.  The Court finds that that paragraph, along with the specific assertions in the retaliation claim,[5] satisfies the requirement of *Iqbal* in that she has stated "a plausible claim for relief" under § 2000e-3(a).[6]  Therefore, it is recommended that Defendant's Motion to Dismiss the retaliation claim be denied.

Defendant has also urged this Court to dismiss Plaintiff's claims for punitive damages (Doc. 22, p. 9).  The Commission argues that because it is a government entity of the State, punitive damages cannot be recovered from it.

The law is clear that a complaining party can recover both compensatory and punitive damages in a Title VII action.  42 U.S.C. § 1981a(a)(1).  However, punitive damages cannot be recovered against "a government, government agency or political subdivision."  42 U.S.C. § 1981a(b)(1); *see also Garrett v. Clarke County Bd. of Education*, 857 F.Supp. 949, 953 (S.D. Ala. 1994) (In a Title VII action, it was noted that "[i]n no event,

---

[5] "26.  By complaining to the BCC about Ford's sexual harassment of and retaliation against Hadley, Smith engaged in activity protected by Title VII.
    27.  As a result of her complaints, Smith was terminated on April 9, 2008" (Doc. 19).

[6] The Court notes that Defendant has argued that Plaintiff's affidavit and the first three pages of her brief should be struck because they contain information not included in the Amended Complaint (Doc. 27, pp. 1-3).  Because the Court has not relied on any of that material, it is unnecessary to address Defendant's argument.

however, may the complaining party recover punitive damages from a governmental entity").

However, Plaintiff has pointed to an Alabama case, *Smitherman v. Marshall County Comm'n*, 746 So.2d 1001 (Ala. 1999), as evidence that "Alabama distinguishes between counties and county commissions" (Doc. 26, p. 7). The Court notes that although the *Smitherman* Court did discuss the differences between a county and a county commission, the holding of the case was that the county commission was a government entity for the purpose of limiting recovery of damages on a judgment against it. *Smitherman*, 746 So.2d 1005-09. If anything, *Smitherman* counsels the Court to find Defendant to be a government entity for Title VII purposes, meaning that punitive damages would not be available for Plaintiff to recover. It is so recommended.

In summary, it is recommended that Defendant's Motion for Partial Dismissal (Docs. 21-22) be granted as to Plaintiff's claim for punitive damages, but denied as to Smith's claim for retaliation.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 26th day of March, 2010.

>                                    s/BERT W. MILLING, JR.
>                                    UNITED STATES MAGISTRATE JUDGE