# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DIANE SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 09-0616-CG-M |
| BALDWIN COUNTY COMMISSION, | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiff's motion to alter or amend judgment pursuant to Rule 59. (Doc. 35). For the reasons stated below, the court finds it appropriate to grant plaintiff's motion and set aside the dismissal of this case.

On May 11, 2010, this court dismissed plaintiff's case without prejudice for failure to prosecute and to comply with this court's orders. (Doc. 33). Plaintiff had been ordered, on or before May 3, 2010, to have new counsel appear on her behalf or advise the court in the form of a written pleading that she wishes to proceed without counsel. (Doc. 30). Plaintiff was warned that failure to comply would be deemed as plaintiff's abandonment of her claims and that plaintiff's complaint would be dismissed without prejudice for failure to prosecute. (Doc. 30). Plaintiff failed to respond to the court's order and her case therefor was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In the current motion, plaintiff's counsel states that plaintiff retained new counsel well before the deadline set by the court. According to plaintiff's new counsel, he undertook representation of several of plaintiff's former counsel's clients and instructed his paralegal to file a notice of appearance in those cases while he was out of the office due to family medical issues.

Plaintiff's counsel later learned that notices of appearances had not been filed in all of the cases. Plaintiff's counsel asserts that plaintiff did not abandon her claims and that the failure to file the notice of appearance was due to mistake, inadvertence, or excusable neglect.

Because the specific grounds for a motion to amend or alter under Rule 59(e) are not listed in the Rule itself, the court "has considerable discretion in reconsidering an issue." Sussman v. Salem, Saxon & Nelson, 153 F.R.D. 689, 694 (M.D.Fla.1994). Although arguably broader than Rule 60(b), Rule 59 "is an extraordinary remedy to be employed sparingly." Id. " 'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact,' " Arthur v. King, 500 F.3d 1335, 1343 (11th Cir.2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999)). Although the grounds asserted by plaintiff do not appear to fall squarely under either of these two reasons, Rule 60(b) expressly allows for a court to relieve a party from a final judgement or order based on "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

Under the circumstances, the court finds it appropriate to set aside the dismissal of this case. The court acknowledges that "[a]ttorney negligence or oversight is rarely grounds for relief" under the rule 60(b) provision for excusable neglect, United States v. Real Property and Residence, 920 F.2d 788, 792 (11th Cir. 1991); see also Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) ("This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error."); Solaroll Shade, 803 F.2d at 1132 (11th Cir. 1986) ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect"). However, in this case, plaintiff did not fail to respond to a motion that would potentially dispose of her case. In fact, there is currently a report and recommendation pending which recommends that plaintiff's claim for retaliation should not be dismissed. The court believed plaintiff had abandoned her claims because of her lack of response, but it is now undisputed that plaintiff did not abandon her claims. As such, the court

2

finds it appropriate to set aside this courts order and reinstate plaintiff's case.

## CONCLUSION

For the reasons stated above, plaintiff's motion to alter or amend judgment (Doc. 35) is **GRANTED** and this court's order of May 11, 2010, dismissing this case (Doc. 33) is hereby **SET ASIDE**.

The clerk is directed to reinstate the Report and Recommendation of the Magistrate Judge (Doc. 28), as well as the Motion to Dismiss (Doc. 21). Any objection by the plaintiff to the Report and Recommendation of the Magistrate Judge (Doc. 28) concerning the Motion to Dismiss (Doc. 21) must be filed no later than June 9, 2010.

**DONE and ORDERED** this 26th day of May, 2010.

                                           /s/ Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE